BREAUX, C. J.
By this action the sheriff seeks to recover fees he claims as due him.
*263 The sheriff asked the court, by rule, to fix the amount.
On the 10th day of October, 1905, an order nisi was issued by the court. Matters remained in abeyance until the following July. It seems that the costs had accumulated, and the sheriff filed other rules, claiming other costs as having accrued since the first rule was issued.
The answer to the rule of one of the companies, a party to the suit filed June, 1906, sets forth that the functions of the sheriff as exercised in this case “are similar to those of a receiver; but that no legal questions have arisen or can arise which would justify the sheriff in putting further charges on the property for the fees of an attorney.”
We do not think it necessary to copy further from the answer.
The defendant in rule further controverted the right of plaintiff to recover anything.
Two days thereafter this company, through counsel, consented to leave the decision of the. fees due to the sheriff as receiver to be fixed by the court. In accordance with this agreement, the court held that “it was equitable and just that the sheriff should be paid a fair compensation for the immense amount of trouble and responsibility caused by the different sequestrations; and, further, that the sheriff has been compelled to employ counsel to assist him in the premises.”
In'these consolidated cases the court fixed the fee at “$5,000, to be prorated equally.”
A number of bills for the sheriff’s cost are in the record, but the whole question comes up for decision on a statement of facts, to which appellants have consented.
This agreement sets forth that the fees of the sheriff as receiver are to be fixed by the court in accordance with its estimate of the value of the sheriff’s labors and responsibilities, , and that as those labors had been rendered under the eyes, and to a considerable extent by the direction, of the court, it was by agreement determined that there was no necessity for the taking of testimony to establish what his labors and responsibilities had been; and, further, that the court would take judicial cognizance of the sheriff’s entire services arid of compensation due him therefor.
The appellant earnestly urged that the court took into account the fee of attorney in fixing the amount of cost.
From the foregoing statement it appears that the judge did consider the employment of an attorney, and that he referred thereto.
We can only say that the sheriffs generally are not entitled to a charge to pay the compensation of an attorney employed by them to advise them in discharging their functions; but here it is different and exceptional. There were services rendered in the nature of services usually rendered by a receiver.
Appellants alleged in their answer in the district court that the sheriff had no right to make such charges. After the answer had been filed, however, they consented to the statement of facts before mentioned. The matter was left to the decision of the court and his own knowledge. We have seen that no evidence was taken.
While it is true that the court does mention something about attorney’s fees, it does not appear to what extent, if any, the court allowed anything for attorney’s fee.
We judge from the issues and from the extent of the litigation, also from the sheriff’s hills, to which we have before referred, that a considerable amount is due to the sheriff.
Without evidence, we cannot very well assume that a part of the amount allowed was for attorney’s fee.
There is no mention made anywhere of an amount allowed for such a fee.
We decide the case on the agreed statement of facts — we cannot imagine on what else we are to decide it. It is evident that it only remains for us to affirm the judgment.
The judgment of the district court is at least prima facie correct, and, unless it is *265 pointed out to us in what respect it is not correct, we would not he justifiable in setting it aside.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.